`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ACE AMERICAN INSURANCE COMPANY** | § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. 4:10-cv-02931 Jury |
| **M-I, L.L.C.** | § § | JUDGE KEITH P. ELLISON |
| Defendant. | § | |

### ACE AMERICAN INSURANCE COMPANY'S ANSWER TO M-I, L.L.C.'s COUNTERCLAIM

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, ACE American Insurance Company ("ACE") and files this its Answer to Defendant/Counter-Plaintiff's M-I, L.L.C.'s ("M-I") Counterclaim.

## I.
### RESPONSE TO M-I'S STATEMENT OF THE CASE

1.  ACE denies the allegations set forth in Paragraph 1 of M-I's Answer and Counterclaim, and further states that ACE's coverage position, as set forth in its coverage letters and the Original Complaint, is firmly established in the terms, conditions and provisions of the contracts of insurance issued by ACE to M-I.

2.  ACE denies the allegations set forth in Paragraph 2 of M-I's Answer and Counterclaim.

3.  With respect to Paragraph 3 of M-I's Answer and Counterclaim: (a) ACE admits that M-I is "seeking a determination of coverage for specific Deepwater Horizon claims under the applicable policies"; (b) ACE also admits that M-I has asked "the Court to place this case on a fast-track for resolution" (a request that ACE joins); (c) ACE is without sufficient knowledge to affirm or deny M-I's assertion that it "needs guidance from the Court so that it can effectively

1

defend against and resolve the maze of Deepwater Horizon claims" and ACE denies that it is the function of this Court to guide the parties to litigation; and (d) ACE denies the remaining allegations set forth in Paragraph 3 of M-I's Counterclaim.

## II.
## ANSWER TO THE COMPLAINT FOR DECLARATORY JUDGMENT

4. ACE makes no response to Paragraphs 4 though 63 of M-I's Answer and Counterclaim, and no response is permissible under FRCP 7(a).

## III.
## ACE'S RESPONSE TO "FACTUAL BACKGROUND"

5. In response to Paragraph 64 of M-I's Answer and Counterclaim, ACE admits that "BP retained the mud engineering services of M-I to be performed in accordance with a written contract entitled "Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services between BP Exploration and Production, Inc. and M-I, L.L.C. (the 'BP/MI Agreement'). The services under the BP/MI Agreement included, among other things, that M-I devise and prepare a mud program for the Macondo Discovery Well." ACE denies the remaining allegations set forth in Paragraph 64 of M-I's Answer and Counterclaim.

6. In response to Paragraph 65, ACE admits that lawsuits were filed against M-I related to the Deepwater Horizon Incident (as that term was defined in Paragraph 1.1 of ACE's Complaint for Declaratory Judgment). ACE denies the remaining allegations set forth in Paragraph 65 of M-I's Answer and Counterclaim.

7. ACE admits the allegations set forth in Paragraph 66 of M-I's Answer and Counterclaim.

8. ACE denies the allegations set forth in Paragraph 67 of M-I's Answer and Counterclaim.

9. In response to Paragraphs 68 and 69 of M-I's Answer and Counterclaim, ACE admits that it issued certain insurance policies to M-I, and the policies at issue in this litigation are identified as Policy No. HDO G 24940354 (Comprehensive General Liability policy) and WLR C 46132403 (Workers' Compensation and Employers Liability policy). These policies are attached hereto as Exhibits A and B respectively. ACE is without sufficient knowledge to affirm or deny the remaining averments in Paragraphs 68 and 69 of M-I's Answer and Counterclaim.

10. In response to Paragraph 70 of M-I's Answer and Counterclaim, ACE responds that the terms of the applicable policies govern its obligations. ACE denies the remaining averments in Paragraph 70 of M-I's Answer and Counterclaim.

11. In response to Paragraph 71 of M-I's Answer and Counterclaim, ACE admits that M-I properly quoted a portion of the "Insuring Agreement" of Policy No. HDO G 24940354. ACE denies the remaining averments in Paragraph 71 of M-I's Answer and Counterclaim. In order to fairly respond to the substance of the allegations, ACE observes that ACE does not have a duty to defend under the ACE Comprehensive General Liability Policy and M-I is referred to Endorsement # 14 which provides, in pertinent part, that ACE "shall have no duty to defend any 'suit', claim or proceeding arising out of or in any way related to 'pollution'."

12. In response to Paragraph 72 of M-I's Answer and Counterclaim, ACE responds that the terms of Policy No. WLR C 46132403 govern its obligations. ACE denies the remaining averments in Paragraph 72 of M-I's Answer and Counterclaim.

13. In response to Paragraph 73 of M-I's Answer and Counterclaim, ACE responds as follows: (a) ACE admits that M-I has quoted portions of the policies referenced in Paragraph 9 above and (b) ACE denies the remaining allegations in Paragraph 73 of M-I's Answer and Counterclaim.

14. ACE denies the averments in Paragraph 74 of M-I's Answer and Counterclaim.

15. ACE denies the averments in Paragraph 75 of M-I's Answer and Counterclaim.

16. ACE denies the averments in Paragraph 76 of M-I's Answer and Counterclaim.

17. ACE denies the averments in Paragraph 77 of M-I's Answer and Counterclaim.

18. ACE denies the averments in Paragraph 78 of M-I's Answer and Counterclaim.

19. ACE denies the averments in Paragraph 79 of M-I's Answer and Counterclaim.

20. In response to the averments in Paragraph 80 of M-I's Answer and Counterclaim, ACE admits that it received an email from Kendell Coffer to Alison Walz and Rodger Lewis dated July 2, 2010, but ACE denies the remaining allegations set forth in Paragraph 80.

21. In response to the averments in Paragraph 81 of M-I's Answer and Counterclaim, ACE admits that M-I properly quoted Ms. Walz' e-mail of July 6, 2010. ACE denies the remaining allegations set forth in Paragraph 81 of M-I's Answer and Counterclaim.

22. ACE admits the allegations set forth in Paragraph 82 of M-I's Answer and Counterclaim.

23. ACE denies the allegations set forth in Paragraph 83 of M-I's Answer and Counterclaim.

24. ACE denies the allegations set forth in Paragraph 84 of M-I's Answer and Counterclaim.

25. ACE admits that it did not attend the meeting requested by Chartis. ACE denies the remaining allegations set forth in Paragraph 85 of M-I's Answer and Counterclaim.

26. In response to the allegations set forth in Paragraph 86 of M-I's Answer and Counterclaim, ACE admits that it received a letter from Gregory M. Attrep, Sr. Litigation

Counsel, to Alison Walz dated August 11, 2010, but ACE denies the remaining allegations set forth in Paragraph 86 of M-I's Answer and Counterclaim.

27.     ACE admits that ACE: (a) filed a Complaint for Declaratory Judgment in this matter; (b) transmitted coverage letters to Kendell Coffer; and (c) sent a copy of the Complaint to Mr. Coffer.  ACE denies the remaining allegations set forth in Paragraph 87 of M-I's Answer and Counterclaim.

## IV.
### ANSWER TO M-I'S COUNTERCLAIM

28.     ACE admits the averments set forth in Paragraph 88 of M-I's Answer and Counterclaim.

29.     ACE admits that it issued the insurance policies identified in Paragraph 89, and that ACE's obligations are as set forth in those contracts.  ACE denies the remaining averments in Paragraph 89 of M-I's Answer and Counterclaim.

30.     ACE denies the allegations set forth in Paragraph 90 of M-I's Answer and Counterclaim.

31.     ACE admits that the bases for ACE's declination of coverage under Comprehensive General Liability Insurance policy number HDO G 24940354 are as set forth in Exhibit A.  ACE denies the remaining allegations set forth in Paragraph 91 of M-I's Answer and Counterclaim.

32.     ACE denies the allegations set forth in Paragraph 92 of M-I's Answer and Counterclaim.

33.     ACE denies the allegations set forth in Paragraph 93 of M-I's Answer and Counterclaim.

34. ACE denies the allegations set forth in Paragraph 94 of M-I's Answer and Counterclaim.

35. In response to Paragraph 95 of M-I's Answer and Counterclaim, ACE admits that "BP is an additional insured under the ACE Policy by virtue of the terms, conditions, and limitations contained in the BP/MI Agreement and in accordance with the terms and conditions of the ACE Policy" (HDO G 24940354) as stated in Paragraph 5.4 of the Complaint.  ACE denies the remaining allegations set forth in Paragraph 95 of M-I's Answer and Counterclaim.

36. ACE denies the allegations set forth in Paragraph 96 of M-I's Answer and Counterclaim.

37. ACE denies that the quoted language in Paragraph 97 of M-I's Answer and Counterclaim is an operative paragraph of the ACE Policy in this litigation.

38. ACE denies the allegations set forth in Paragraph 98 of M-I's Answer and Counterclaim.

39. ACE denies the allegations set forth in Paragraph 99 of M-I's Answer and Counterclaim.

40. ACE denies the allegations set forth in Paragraph 100 of M-I's Answer and Counterclaim.

41. ACE denies the allegations set forth in Paragraph 101 of M-I's Answer and Counterclaim.

42. ACE denies the allegations set forth in Paragraph 102 of M-I's Answer and Counterclaim.

43. ACE denies the allegations set forth in Paragraph 103 of M-I's Answer and Counterclaim.

44. ACE denies the allegations set forth in Paragraph 104 of M-I's Answer and Counterclaim.

45. ACE denies the allegations set forth in Paragraph 105 of M-I's Answer and Counterclaim.

46. ACE denies the allegations set forth in Paragraph 106 of M-I's Answer and Counterclaim.

47. ACE denies the allegations set forth in Paragraph 107 of M-I's Answer and Counterclaim.

48. ACE denies the allegations set forth in Paragraph 108 of M-I's Answer and Counterclaim.

49. ACE denies the allegations set forth in Paragraph 109 of M-I's Answer and Counterclaim.

50. ACE denies the allegations set forth in Paragraph 110 of M-I's Answer and Counterclaim.

51. As to Paragraph 111 of M-I's Answer and Counterclaim, ACE makes no response to this assertion as it is a legal argument for which no response is necessary.

52. ACE denies all relief sought in the Section X, entitled "Prayer" of M-I's Answer and Counterclaim.

## V.
## AFFIRMATIVE DEFENSES TO M-I'S COUNTERCLAIM

53. ACE affirmatively pleads, should such be necessary, waiver and estoppel.

Respectfully submitted,

**BROWN SIMS, P.C.**

By:     /s/ Kenneth G. Engerrand
          Kenneth G. Engerrand
          Texas Bar No. 06619500
          Southern District I.D. 2078
          Charles Clayton Conrad
          Texas Bar No. 24040721
          Southern District I.D. 37220
          Michael A. Varner
          Texas Bar No. 20499425
          Southern District I.D. 15111
          1177 West Loop South, Tenth Floor
          Houston, Texas  77027
          Telephone:  713-629-1580
          Facsimile:  713-629-5027

*Attorneys for Plaintiff/Counter Defendant*
*ACE American Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Ms. Samantha Trahan
Mr. J. James "Jim" Cooper
Mr. Geoffrey H. Bracken
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002-5011

Mr. Christopher C. Loeber
MORGAN, LEWIS & BOCKIUS, LLP
502 Carnegie Center
Princeton, NJ 08540-6289

    /s/ Kenneth G. Engerrand
     Kenneth G. Engerrand